IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

HEATHER D. CARNELL and
JERRY D. YANCEY individually and
on behalf of and all other similarly
situated individuals,

    Plaintiffs,

vs.

HARDEMAN COUNTY GOVERNMENT

    Defendant.

No. 20-2179
JURY TRIAL DEMANDED

# COMPLAINT

COMES NOW Plaintiffs Heather D. Carnell and Jerry D. Yancey, ("Plaintiffs"), individually and on behalf of all other similarly situated individuals and file this Complaint against Defendant, Hardeman County Government (hereinafter "Defendant") and state as follows:

## NATURE OF CLAIMS

1. This action is brought individually and as a collective action for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et seq.,* ("FLSA") to recover unpaid back wages, overtime wages, an additional equal amount of liquidated damages, front pay, obtain declaratory relief, reasonable attorney's fees and costs. The collective action provisions under the FLSA provide for opt-in class participation.

## PARTIES

2. Plaintiff Heather D. Carnell, is an adult citizen and resident of Hardeman County,

Tennessee. During the applicable statutory period, Plaintiff Carnell was an employee of Hardeman County Government as an Emergency Medical Technician ("EMT").

3. Plaintiff Jerry D. Yancey, is an adult citizen and resident of Hardeman County, Tennessee. During the applicable statutory period, Plaintiff Yancey was an employee of Hardeman County Government as an Emergency Medical Technician ("EMT").

4. Defendant Hardeman County Government (the "County"), is a political subdivision of the State of Tennessee, with the power to sue and be sued in its own name. Defendant operates an EMS Department to provide emergency medical services to the citizens and residents of Hardeman County, as well as to other persons within the county in need of emergency medical attention or care. The County may be served through its chief executive officer, Mayor Jimmy Sain, at 100 North Main Street, Bolivar, Tennessee, 38008.

5. Plaintiffs bring this action individually and as an opt-in, collective action, pursuant to 29 U.S.C. § 216(b) on behalf of a class of all individuals employed by Defendant in its EMS Department at any time within the three years prior to joining this lawsuit, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive compensation of at least one and a half times their regular hourly wage for any and all overtime hours, who were improperly denied pay for on call status, and who were required to work more time than was actually included in their compensable time.

6. Plaintiffs also bring this action individually and as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals employed by Defendant's EMS Department as ambulance drivers, emergency medical technicians ("EMT's"), or paramedics at any time within the three years prior to the commencement of this lawsuit who were not paid all of their lawful wages for hours worked as required by state and

federal law.

7. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

   A. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

   B. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

   C. The claims of Plaintiffs, the representatives of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

   D. Plaintiffs, the representatives of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

8. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action superior to other available methods for the fair and efficient adjudication of the controversy.

9. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for the purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorney's fees, and costs under the FLSA.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29

U.S.C. § 216(b), because this action is based, in part, on the FSLA.

11. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to the Plaintiffs' claims occurred in Hardeman County, Tennessee.

13. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## STATEMENT OF FACTS

14. Plaintiff Carnell has been employed by Defendant's EMS Department since 2012. Plaintiff Carnell has been a certified advance emergency medical technician since June 27, 2012.

15. Plaintiff Yancey has been employed by Defendant's EMS Department sinceMay 2013. Plaintiff Yancey has been a certified emergency medical technician since December 30, 2014.

16. At all times relevant to this Complaint, Plaintiffs were non-exempt employees for purposes of the Fair Labor Standard Act.

17. During the applicable time period, the work week for Hardeman County EMT's was a seven (7) day work week which began at 00:01 Saturday and ended at 24:00 midnight on Friday each week.

18. During the relevant statutory period, Plaintiffs regularly worked in excess of forty (40) hours per week, generally working one full twenty-four (24) hour shift beginning at 07:00 every fourth day, totaling forty-eight (48) hours per work week for thirty-nine (39) weeks each year. Plaintiffs did not receive the correct over-time pay as required by the FLSA, because

Defendant promulgated an unlawful policy that EMS workers were not eligible for overtime compensation unless they worked in excess of forty-eight (48) hours during a one-week pay period.

19. Defendant was aware and had knowledge that Plaintiffs were working in excess of forty (40) hours per week, for at least thirty-nine (39) weeks per year.

20. At all times relevant to this Complaint, Plaintiffs and the members of the proposed Plaintiff class were not regularly engaged in fire protection or law enforcement activities during their employment with Defendant, nor were they regularly or routinely dispatched to fire suppression or law enforcement situations.

21. In addition, Plaintiffs were routinely required to work "off the clock" because they were required to stay after their shift had concluded if they were on an emergency call, transporting someone to a hospital outside of Hardeman County or to complete required reports.

22. Plaintiffs were required to be on call every twenty-forth (24th) day immediately following their having worked a twenty-four (24) hour shift. Plaintiffs were given notice of their on-call days, week in advance and they were disciplined for failure to be available during their on-call time.

23. Plaintiffs were not compensated for their on-call time even though they were restricted from effectively using the time for personal use.

24. At all times relevant to this Complaint, Plaintiffs were good and faithful employees of Defendant and consistently performed all of the essential functions of their jobs in an acceptable and competent manner.

25. Plaintiffs and other members of the Plaintiff class repeatedly complained to officials within the Defendant's County Administration as well as within Defendant's EMS

Department about the Department's policies and practices regarding the recording of compensable time and the calculation of overtime compensation; however, Plaintiffs' were intimidated and coerced to continue working under these unlawful conditions by their immediate supervisors, by the EMS Department Director and the Mayor of Hardeman County.

**FIRST CAUSE OF ACTION**
(Fair Labor Standards Act – Failure to Pay Overtime Wages)
(Individual and Collective Action)

26. Plaintiffs repeat and reallege each and every allegation of Paragraphs 1-25 as if restated herein verbatim.

27. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a "public agency."

28. Plaintiffs and the members of the Plaintiff class were employees of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

29. Defendant failed to pay Plaintiffs and the members of the Plaintiff class at the rate of one and one-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

30. Defendant also failed to pay Plaintiffs and the members of the Plaintiff class for all compensable time for which Plaintiffs provided work for the benefit of Defendant.

31. Plaintiffs and the members of the Plaintiff class are entitled to back wages at the rate of one and one-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32. Plaintiffs and the members of the Plaintiff class are also entitled to an award of back pay at their regular hourly rate for their overtime rate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in

calculating their compensable time.

33. The failure of Defendant to compensate Plaintiffs for overtime work and for "off the clock hours" as required by the FLSA was knowing, willful, intentional, and done in bad faith.

34. Plaintiffs and the members of the Plaintiff class are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. The work and pay records of Plaintiff's and the members of the Plaintiff class are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs request an order of this Court requiring Defendant to preserve such records during the pendency of this action.

36. Plaintiffs are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

37. Defendant has been unjustly enriched as a result of accepting the work of Plaintiffs without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of Plaintiffs work without proper compensation.

38. Plaintiffs have retained Heaton and Moore, P.C. to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court enter judgment for the following relief:

a. An order authorizing the sending of appropriate notice to current and former employees of Defendant's EMS Department who are potential members of the collective action under the Fair Labor Standards Act;

b. A declaratory judgement that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA, and have deprived Plaintiffs and the members of the Plaintiff class of their rights to such compensation.  Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiff's time worked in excess of forty (40) and/or forty (40) hours per week;

c. An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff and the members of the Plaintiff class are entitled.

d. Awarding Plaintiffs liquidated damages in an amount equal to overtime award;

e. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiffs pre and post-judgment interests;

g. Awarding Plaintiffs all damages to include back pay and front pay that are available to them under the law;

h. Issue an Order, as soon as practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "laborers" employed by Defendant within the past three years;

i. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

j. An order requiring Defendants to preserve all electronically stored information

    relevant to this lawsuit; and,

k. For all such other relief as the Court deems just and equitable and to which they are entitled at law and equity.

PLAINTIFFS DEMAND A TRIAL BY JURY WHEN THE ISSUES ARE JOINED HEREIN.

Respectfully submitted on this the 11th day of March, 2020.

                                      **HEATON AND MOORE, P.C.**

By:   /s/ William C. Sessions
       William C. Sessions, III (TN #15017)
       *Attorney for Plaintiffs*
       44 North Second Street, Suite 1200
       Memphis, Tennessee 38103
       (901) 531-7563
       File No: WS-51468